LYDIA MYERS, as Administratrix of the Estate of LEO MYERS, Deceased, Respondent, v. COUNTY OF NASSAU, Appellant.—

Latham, Christ, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: The action is for wrongful death occurring as a result of malpractice. The decedent was brought

to the defendant's hospital after he had fainted while working and had fallen to the ground. After a cursory examination, an intern diagnosed the decedent's condition as inebriation and told the decedent to go home. The decedent left the hospital and almost immediately fainted again in the parking area. The intern this time took the decedent's blood pressure (which was high) and made a diagnosis of a dysfunction of the cerebrum. The decedent died after a convulsion in the hospital within a short time after admission. As I understand the position of my brothers, they do not dispute that expert testimony produced on behalf of plaintiff established that defendant had been guilty of negligence in this case. Indeed, Dr. Clark, the witness for plaintiff, testified that the decedent should have been given a thorough examination, including the taking of blood pressure, an electrocardiogram and a blood count, all of which would have shown a serious physical condition, requiring further observation and investigation, and that, since the autopsy demonstrated that the cause of death was a ruptured aneurism of a cerebral artery which occurred in the parking area, this could have been avoided by the prompt admission of the decedent in the hospital in the first instance with complete bed rest. Dr. Clark stated that if a proper examination had been made, the decedent's chance of survival would have been "50–50". Although the negligence of defendant was established, my brothers conclude that as a matter of law the decedent's death was not sufficiently proved to have proximately resulted from that negligence. In my opinion, the question of proximate cause was for the jury. No one can say with absolute certainty that death would not have occurred, even if proper diagnostic procedures had been followed. But that does not exclude the liability of defendant, if expert testimony is presented that the defendant's negligence may have accelerated or contributed to the death. "It is, of course, well settled in this State that when there are several proximate or efficient causes contributing to death, the death may be attributed to any or all of those causes" (*Dunham* v. *Village of Canisteo,* 303 N. Y. 498, 504). The jury could have relied on the testimony of Dr. Clark that without defendant's neligence the decedent had a good chance of survival. "The presence of several bases of proximate cause merely serves to emphasize that a factual question is present" (*Schuster* v. *City of New York,* 5 N Y 2d 75, 89).